## CASEY v. CAMP.    (No. 1840.)

(Court of Civil Appeals of Texas.   El Paso.
Jan. 21, 1926.)

1. Sales ⟐=418(2)—Measure of damages for seller's breach is difference between contract price and market price at place where delivery was to be made.

Where calves purchased were to be delivered at E., and settlement was to be made on basis of weight at that place, proper measure of damages for seller's breach was difference between contract price and market value at E., and fact that seller breached contract at another place by refusing to ship to E. does not affect the question.

2. Sales ⟐=404—Where no title passes to goods sold under executory contract, action for breach of contract held proper.

Where title to calves under an executory contract for their purchase did not pass, because of seller's failure to deliver, no question of conversion by defendant was presented, and an action for breach of contract was the proper remedy.

Appeal from District Court, Jeff Davis County; C. R. Sutton, Judge.

Action by Mack Camp against W. D. Casey. Judgment for plaintiff, and defendant appeals. Affirmed.

Harper & Howard, of El Paso, for appellant.

Ben Randals and Starley & Russell, all of Pecos, for appellee.

HIGGINS, J.  Camp sued Casey to recover damages caused by the breach of an alleged executory contract for the sale of certain calves by Casey to Camp. The case was tried without a jury, and judgment rendered in Camp's favor for $1,145.50, from which the defendant appeals.

It was alleged by the plaintiff that he agreed to buy, and the defendant agreed to sell to him, 158 head of calves at 4½ cents per pound, weighed at El Paso, Tex.; that the defendant placed the calves in the railroad pens at Toyah, Tex., for shipment to El Paso, to be weighed and delivered to plaintiff and paid for, and then refused to so ship and deliver the same; that the market value in El Paso was 7½ cents per pound. The plaintiff's evidence supports these allegations, except as to the value in El Paso, which it shows was 7 cents per pound.

Without discussing the assignments and propositions in detail, our conclusions disposing of the same are as follows:

[1] While it is not specifically averred that the calves were to be delivered to the plaintiff in El Paso, yet the clear import of the petition is to that effect, and the plaintiff's testimony is that delivery was to be made there. All the evidence shows that the settlement was to be based upon the weight in El

Paso. Under these circumstances, the proper measure of damages was based upon the difference between the contract price and the market value in El Paso. The fact that defendant breached the contract at Toyah by refusing to ship to El Paso does not affect the question. The mere fact that the defendant testified that delivery was to be made at Toyah, while the plaintiff testified that it was to be made at El Paso, does not conclusively show a failure of the minds of the parties to meet. It simply presents a conflict in the evidence as to the terms of the contract, which the trial court resolved in the plaintiff's favor.

[2] The case does not present any question of conversion by the defendant. The title to the calves never passed, because delivery was never made. The evidence shows a breach of an executory contract of sale, and the plaintiff has not mistaken his remedy.

This case is purely one of fact, in which the trial court has resolved all issues in favor of the plaintiff. In this state of the record, and upon the conclusions stated above, none of the questions presented by appellant have any merit.

The judgment is therefore affirmed.
Affirmed.